ORRIN SIMMONS, Administrator, Appellant, **v.** ADOLPHUS HOLLUB, Respondent.

No. 3078; March 18, 1874.

**Public Administrator.—The Bar of the Statute of Limitations,** as to lands in the hands of a public administrator, is not complete against one with a right of entry until two years after their passing out of his hands.

APPEAL from Probate Court, San Francisco County.

B. S. Brooks for appellant; Bartlett & Pratt for respondent.

CROCKETT, J.—The substance of the complaint in this case is, that in the year 1850 one Bezar Simmons died intestate, seised of numerous lots of land situate in the city of Sacramento, the title to which he derived from John A. Sutter, to whom they were granted by the Mexican government; that Sutter's title was finally confirmed by the courts of the United States in the year 1865, and a patent was duly issued in the year 1866; that in the year 1861 Hollub, who was then the public administrator of the city and county of San Francisco, was duly appointed and qualified as the administrator de bonis non of the estate of Simmons, and continued to be such administrator until November, 1869, when he was removed and the present plaintiff was appointed to succeed him; that during the whole term of Hollub as administrator the said lots were in the actual, adverse possession of persons without right or title, and Hollub took no steps to recover the possession until the right of entry had become barred by the statute of limita-

tions, and by this means the property was lost to the estate. The action is against Hollub and his sureties on his bond as public administrator to recover the value of the property thus alleged to have been lost to the estate by the bar of the statute through the negligence of the administrator.

A complete answer to the action is that under the decision in Gardiner v. Miller [47 Cal. 570], No. 2569, at the present term, the right of entry was not barred by the statute of limitations, when Hollub was removed, nor until about two years thereafter. The demurrer to the complaint was, therefore, properly sustained.

Judgment affirmed.

We concur: Niles, J.; Wallace, C. J.; McKinstry, J.